No. 5-08-cr-135-KKC

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## CENTRAL DIVISION
## LEXINGTON

### UNITED STATES OF AMERICA

v.

### JOHN MCQUEEN, CLARENCE MCCOY, SCOTT TYREE, ANTHONY ESTEP, KRISTINE LAFOE

# INDICTMENT

18:241 - Conspiracy to deprive rights under color of Law - 1 Count
18:242 - Deprivation of rights under color of law - 3 Counts
18:1519 - Falsifying records with intent to obstruct investigation - 2 Counts
18:1512(b)(3) - Tampering with witness - 2 Counts
18:2 - Aiding and abetting - 2 Counts

A TRUE BILL,

_Michael J. Klair_
FOREPERSON

Filed in Open Court on June 12, 2008.

_____
CLERK

JUN 1 2 2008

Bail, $ _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON



UNITED STATES OF AMERICA

V.                                                              INDICTMENT NO. 5-08-cr-135-KKC

JOHN MCQUEEN,
CLARENCE MCCOY,
SCOTT TYREE,
ANTHONY ESTEP and
KRISTINE LAFOE

\* \* \* \* \* \*

**THE GRAND JURY CHARGES:**

### INTRODUCTION

At all times relevant to this Indictment:

1. The Lexington Division of Community Corrections, 600 Old Frankfort Circle, Lexington, Kentucky, commonly referred to as the Lexington-Fayette County Detention Center [LFCDC] was a jail in Fayette County, Kentucky, responsible for the custody, control, care, and safety of "pre-trial detainees"; that is, people who have been detained following arrest but prior to any finding of guilt at trial.

2. The Intake Unit at the LFCDC, which is the area of the LFCDC where detainees are processed and held temporarily prior to being lodged in the Custody Unit or

being released on bond, was staffed twenty-four hours a day by deputy jailers assigned to one of three eight-hour shifts.

3. The third shift in the LFCDC Intake Unit ran from 12 a.m. until 8 a.m.

4. Defendant **John McQueen**, a Sergeant assigned to the third shift in the Intake Unit at the LFCDC, had authority over other deputy jailers on his shift and was responsible for the custody, care, and safety of pre-trial detainees at the LFCDC.

5. Defendant **Anthony Estep,** a Sergeant assigned to the third shift in the Intake Unit at the LFCDC, had authority over other deputy jailers on his shift and was responsible for the custody, care, and safety of pre-trial detainees at the FCUDC.

6. Defendant **Kristine Lafoe,** a Lieutenant and Shift Supervisor assigned to the third shift in the Intake Unit at the LFCDC, had authority over all officers on her shift and was responsible for the custody, care, and safety of pre-trial detainees at the LFCDC.

7. Defendants **Clarence McCoy and Scott Tyree,** employed as deputy jailers at the LFCDC, were assigned to work the third shift in the Intake Unit, and were responsible for the custody, care, and safety of pre-trial detainees at the LFCDC.

7. L.E., S.H., B.M. B.P.B, J.B., and B.P. were pre-trial detainees at the LFCDC.

### COUNT 1
### [18 U.S.C. § 241]

From on or about January 1, 2006 until on or about October 1, 2006, in Fayette County, in the Eastern District of Kentucky,

**JOHN MCQUEEN,**
**CLARENCE MCCOY,**
**SCOTT TYREE,**

2

## ANTHONY ESTEP, and KRISTINE LAFOE

while acting under color of law as deputy jailers at the LFCDC, willfully combined, conspired and agreed with one another, and with other persons known and unknown to the grand jury, to injure, oppress, threaten and intimidate pre-trial detainees housed at the LFCDC in the free exercise and enjoyment of a right and privilege secured to them by the Constitution of the United States; namely, the right not to be deprived of liberty without the due process of law while in official custody, which includes the right not to be subjected to excessive force by officers.

### Plan and Purpose of the Conspiracy

It was the plan and purpose of the conspiracy that officers working the third shift in the Intake Area at the LFCDC would assault, injure, inflict pain upon, and otherwise physically punish restrained or compliant pre-trial detainees at the LFCDC.

It was further part of the plan and purpose of the conspiracy that third shift Intake officers at the LFCDC would falsely justify uses of force against detainees by writing false and misleading incident reports in which they would falsely state that the detainee had attacked or threatened officers, thereby provoking the uses of force.

It was further part of the plan and purpose of the conspiracy that third shift Intake officers at the LFCDC created "code" language to describe uses of force that made the incidents sound innocuous and justifiable rather than violent and unjustified.

It was further part of the plan and purpose of the conspiracy that third shift Intake supervisors at the LFCDC would review incident reports to ensure that officers were employing the "code" language.

It was further part of the plan and purpose of the conspiracy that third shift Intake supervisors at the LFCDC would sometimes participate in, watch, and/or refuse to intervene in, unjustified uses of force against detainees, thereby perpetuating an atmosphere at the LFCDC in which unlawful uses of force against detainees were allowed to continue indefinitely and with impunity.

## Overt Acts

In furtherance of the conspiracy, and to effect the objects thereof, the defendants and their co-conspirators committed the following overt acts, among others, at the LFCDC:

(a) On or about April 29, 2006, defendant **McQueen** repeatedly assaulted pre-trial detainee L.E. by slamming him to the floor, slamming his head into the Intake triage counter, twisting and bending his wrists, placing his arms in painful "stress positions," spraying him directly in the face with chemical spray, and placing weight on L.E. in a manner that restricted his ability to breathe, all at a time when L.E. was not resisting or posing a threat to any officer;

(b) On or about April 29, 2006, defendant **Estep** and persons known to the grand jury watched and failed to intervene as defendant **McQueen** assaulted L.E.;

4

(c) On or about April 29, 2006, defendant **McQueen** and persons known to the grand jury wrote false official reports in which they created a false justification for the assault on L.E.;

(d) On or about April 29, 2006, in an effort to conceal the assault on L.E., defendant **Estep** and persons known to the grand jury brought false disciplinary charges against detainee J.B., who had attempted to use his cell phone to notify persons outside the LFCDC that L.E. was being assaulted;

(e) On or about May 19, 2006, defendants **McCoy** and **Tyree**, assaulted detainee B.P.B. by slamming him face-first into the Intake triage counter at a time when B.P.B. was not resisting or posing a threat to any officer;

(f) On or about May 19, 2006, defendant **Lafoe** and persons known to the grand jury watched and failed to intervene as **McCoy** and **Tyree** assaulted B.P.B..

(g) On or about May 19, 2006, defendant **McCoy** and persons known to the grand jury wrote false official reports in which they created a false justification for the assault on B.P.B.;

(h) On or about June 10, 2006, defendant **McCoy** assaulted detainee B.P. by pushing him against a wall and slamming him to the ground at a time when B.P. was not resisting or posing a threat to any officer:

(i) On or about June 10, 2006, persons known to the grand jury watched and failed to intervene as **defendant McCoy** assaulted B.P.;

5

(j) On or about June 10, 2006, defendant **McCoy** and persons known to the grand jury wrote false official reports in which they created a false justification for the assault on B.P.;

(k) On or about June 17, 2006, defendant **McQueen** repeatedly slammed detainee S.H.'s head into the triage counter in the Intake Area at a time when S.H. was handcuffed and not resisting or posing a threat to any officer;

(l) On or about June 17, 2006, defendants **Estep** and **Tyree** and persons known to the grand jury watched and failed to intervene as defendant McQueen assaulted S.H.;

(m) On or about June 17, 2006, defendant **McQueen** instructed defendant **Estep** and persons known to the grand jury not to write required incidents reports about McQueen's assault of S.H.;

(n) On or about September 13, 2006, defendants **McCoy** and **Tyree** planned to assault detainee B.M. in order to retaliate against B.M. for taking a sack lunch out of the intake area.

(o) On or about September 13, 2006, before assaulting BM, defendants **McCoy** and **Tyree** agreed that they would falsely claim that B.M. turned on **McCoy** in an aggressive manner and lunged at **McCoy** in order to justify using physical force on B.M.

(p) On or about September 13, 2006, defendants **McCoy** and **Tyree** escorted B.M. past the Intake property counter and into the property room, where they assaulted him at a time when B.M. was not resisting and not posing a threat to any officer;

6

(q) On or about September 13, 2006, defendants **McCoy** and **Tyree**, along with persons known to the grand jury, wrote false official reports containing the false justification they had agreed to before the assault of B.M.; in their reports, both **McCoy and Tyree** falsely wrote that B.M. instigated the incident by "turning on" them in "an aggressive manner," thereby justifying the use of physical force.

(r) On several occasions between on or about January 1, 2006 and on or about October 1, 2006, defendant **Lafoe** watched officers using unjustified force against detainees and failed to intervene;

(s) On several occasions between on or about January 1, 2006 and on or about October 1, 2006, defendant **Lafoe** watched officers using force against detainees and failed to write incident reports required by LFCDC policy;

(t) Between on or about January 1, 2006 and on or about October 1, 2006, defendant **Lafoe** instructed officers known to the grand jury that if they were going to use unjustified physical force on detainees, they should do so outside the view of any fixed or handheld video cameras; and

(u) Between on or about January 1, 2006 and on or about October 1, 2006, defendant **Lafoe** reviewed incident reports written by officers known to the grand jury and instructed them to change their reports to include "code" language that would make unjustified uses of force appear to be justified.

All in violation of 18 U.S.C. § 241.

## COUNT 2
**[18 U.S.C. § 242]**

7

On or about April 29, 2006, in Fayette County, in the Eastern District of Kentucky,

**JOHN MCQUEEN**

while acting under color of law, did physically assault L.E., a pre-trial detainee at the LFCDC, and did thereby willfully deprive L.E. of a right protected and secured by the Constitution and laws of the United States; that is the right not to be deprived of liberty without the due process of law, which includes the right not to be subjected to excessive force by officers. This offense resulted in bodily injury to L.E.

All in violation 18 U.S.C. § 242.

## COUNT 3
**[18 U.S.C. § 1519]**

On or about April 29, 2006, in Fayette County, in the Eastern District of Kentucky,

**JOHN MCQUEEN**

while acting in relation to and in contemplation of a matter within the jurisdiction of an agency of the United States, knowingly falsified a document, specifically an official report concerning the use of physical force upon pre-trial detainee L.E., with the intent to impede, obstruct, and influence the investigation and proper administration of that matter.

All in violation of 18 U.S.C. § 1519.

## COUNT 4
**[18 U.S.C. § 1512(b)(3)]**

On or about April 29, 2006, in Fayette County, in the Eastern District of Kentucky,

**ANTHONY ESTEP**

knowingly intimidated, threatened, and corruptly persuaded persons known to the grand jury, with intent to hinder, delay and prevent the communication, to a federal law enforcement officer and judge, of information relating to the commission and possible commission of a federal offense; that is,

Defendant **ESTEP** ordered officers known to the grand jury, who had witnessed the unjustified assault on L.E., to conceal the assault by filing false charges against pre-trial detainee J.B. for having used a cellular telephone to report the assault to persons outside the LFCDC, all in violation of 18 U.S.C. §§ 1512(b)(3).

## COUNT 5
[18 U.S.C. § 242]

On or about June 17, 2006, in Fayette County, in the Eastern District of Kentucky,

### JOHN MCQUEEN

while acting under color of law, did physically assault S.H., a pre-trial detainee at the LFCDC, and did thereby willfully deprive S.H. of a right protected and secured by the Constitution and laws of the United States; that is, the right not to be deprived of liberty without the due process of law, which includes the right not to be subjected to excessive force by officers. This offense resulted in bodily injury to S.H.

All in violation 18 U.S.C. § 242.

## COUNT 6
[18 U.S.C. § 1512(b)(3)]

On or about June 17, 2006, in Fayette County, in the Eastern District of Kentucky,

### JOHN MCQUEEN

knowingly intimidated, threatened, and corruptly persuaded persons known to the grand jury, with intent to hinder, delay and prevent the communication, to a federal law enforcement officer and judge, of information relating to the commission and possible commission of a federal offense; that is,

Defendant **MCQUEEN** ordered officers known to the grand jury, who had witnessed his unjustified assault on S.H., not to write required official reports about the incident.

All in violation of 18 U.S.C. §§ 1512(b)(3).

## COUNT 7
**[18 U.S.C. §§ 242 and 2]**

On or about September 13, 2006, in Fayette County, in the Eastern District of Kentucky,

**CLARENCE MCCOY and**
**SCOTT TYREE**

while aiding and abetting one another and while acting under color of law, did physically assault B.M., a pre-trial detainee at the LFCDC, and did thereby willfully deprive B.M. of a right, protected and secured by the Constitution and laws of the United States; that is, the right not to be deprived of liberty without the due process of law, which includes the right not to be subjected to excessive force by officers. This offense resulted in bodily injury to B.M.

All in violation 18 U.S.C. §§ 242 and 2.

## COUNT 8
**[18 U.S.C. §§ 1519 and 2]**

10

On or about September 13, 2006, in Fayette County, in the Eastern District of Kentucky,

**CLARENCE MCCOY and
SCOTT TYREE**

while aiding and abetting one another, and while acting in relation to and in contemplation of a matter within the jurisdiction of an agency of the United States, knowingly falsified documents, specifically official reports concerning the use of physical force upon pre-trial detainee B.M., with the intent to impede, obstruct, and influence the investigation and proper administration of that matter.

All in violation of 18 U.S.C. §§ 1519 and 2.

A TRUE BILL

_____
FOREPERSON

_____
JAMES A. ZERHUSEN
ACTING UNITED STATES ATTORNEY
EASTERN DISTRICT OF KENTUCKY

GRACE CHUNG BECKER
ACTING ASSISTANT ATTORNEY GENERAL
CIVIL RIGHTS DIVISION
DEPARTMENT OF JUSTICE

11

BY:

*/s/ Christine Dunn*
CHRISTINE DUNN
KRISTY PARKER
TRIAL ATTORNEYS
CRIMINAL SECTION
CIVIL RIGHTS DIVISION
DEPARTMENT OF JUSTICE

## PENALTIES

**COUNT 1:** Not more than 10 years imprisonment, $250,000 fine, and not more than 3 years supervised release;

**COUNTS 2, 5, and 7:** Not more than 10 years imprisonment, $250,000 fine and not more than 3 years supervised release;

**COUNTS 3 and 8:** Not more than 20 years imprisonment, $250,000 fine and not more than 5 years supervised release;

**COUNTS 4 and 6:** Not more than 20 years imprisonment, $250,000 fine and not more than 5 years supervised release.

**PLUS:** Mandatory special assessment of #100 per felony count.